## UNITED STATES v. MASON.

*(Circuit Court, E. D. Virginia.   October, 1884.)*

USE OF MAILS IN AID OF LOTTERIES—REV. ST. § 3894—INDICTMENT.
   A citizen who mails a letter to a lottery dealer ordering lottery tickets, and inclosing the funds to pay for them, does not thereby commit an offense against the United States, the statute (section 3894) being intended to prohibit the use of the mails only by lottery dealers, and others using the mails for purposes of deception.

## Motion to Quash Indictment.
Section 3894 is in these words:

"No letter or circular concerning lotteries, so-called gift concerts, or other similar .enterprises, offering prizes, or concerning schemes devised and intended to deceive and defraud the public for the purpose of obtaining money under false pretenses, shall be carried in the mail.   Any person who shall knowingly deposit or send anything to be conveyed by mail in violation of this section shall be punishable by a fine of not more than five hundred dollars, nor less than one hundred dollars, with costs of prosecution."

The defendant had written to a lottery dealer ordering tickets to be sent him for money already in the hands of the dealer.   The indictment charged that he had unlawfully, knowingly, and wrongfully deposited in a post-office to be conveyed by mail, within the meaning of section 3894, a letter addressed to the dealer, and that said letter was concerning the Louisiana State Lottery, etc.   The indictment set out the letter *verbatim*.   Motion was made to quash, on the ground that the sending of a letter to a lottery dealer, ordering tickets in a lottery about to be drawn, was not an offense within the meaning of the statute.

*Edmund Waddill*, U. S. Atty., for the United States.

*Charles C. Williams*, for defendant.

HUGHES, J.   It is very plain that the broad, literal terms of this statute are to be restricted in some manner.   It declares that the mailing of any letter concerning a lottery shall be punishable; so that a father writing his son, warning him against spending money upon tickets in any specified lotteries, would be indictable for a criminal offense.   That cannot be the meaning of the statute.   It must be construed, not according to its literal terms, but with reference to the evil to which congress was addressing itself, and the remedy it intended to provide for the suppression of that evil.   The phrase employed by congress is, "*letter* or *circular* concerning a lottery." The two terms are used synonymously as to the person mailing the things referred to.   A letter is indited to a particular person; a circular is intended for a number of persons.   Whoever was in the mind of congress as mailing the circular, was in its mind as mailing the letter.   But it is only lottery dealers who send lottery circulars. It was only lottery dealers who were in the mind of congress as sending out letters concerning lotteries, and not the occasional and indi-

vidual buyer of lottery tickets. The statute was aimed at dealers; for it is incredible that if congress had intended to forbid the use of the mails to persons ordering lottery tickets from lottery dealers, it would not have done so in plain and express words. The indictment must be quashed. The circuit judge concurs with me (though not sitting in this case) in the opinion that this statute does not apply to persons ordering lottery tickets from lottery dealers through the mails.